IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| **MELANIE J. KIRKLAND,** </br> Plaintiff </br> </br> v. </br> </br> **MICHAEL J. ASTRUE,** </br> **Commissioner of Social Security,** </br> Defendant | ) </br> ) </br> ) </br> )     Civil Action No. 1:08-CV-00115 </br> ) </br> ) </br> ) </br> ) |

**CONSENT ORDER WITH REMAND**
**PURSUANT TO SENTENCE FOUR OF 42 U.S.C. SECTION 405 (g)**

The Defendant, Michael J. Astrue, has moved this Court, pursuant to sentence four of 42 U.S.C. section 405(g), to enter a judgment reversing the defendant Commissioner's decision with a remand of the cause to the defendant Commissioner for further administrative proceedings.

Upon remand to the Commissioner, the Administrative Law Judge will be instructed to: 1) obtain evidence from a medical expert to determine the onset date of Plaintiff's disabling impairments; and, 2) if necessary, obtain vocational expert testimony to determine the effect of Plaintiff's non-exertional limitations on the occupational base. That portion of the Administrative Law Judge's current decision that finds Plaintiff disabled as of September 9, 2005, will not be disturbed upon remand.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. section 405(g), and in light of the Commissioner's and Plaintiff's request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. section 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan*

*v. Sullivan*, 501 U.S. 89 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act ("EAJA"). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorney's fees under EAJA in this matter.

Signed: October 6, 2008

Lacy H. Thornburg
United States District Judge