# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:08CV115

| | |
|---|---|
| MELANIE J. KIRKLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's motion for attorney fees pursuant to 42 U.S.C. § 406(b)(1), filed July 15, 2009, and the Defendant's response thereto. Plaintiff did not file a reply to Defendant's response and the time to do so has expired. For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

After remand from this Court, the Plaintiff was awarded $61,196.00 in past due benefits. **Plaintiff's Brief in Support of Motion for Attorney's Fees, filed July 15, 2009, at 1.** Plaintiff and her attorney entered into a fee agreement which provides for reasonable fees not to exceed 25 percent of her past due benefits. *Id.* Plaintiff asks this Court to award

attorney fees in the amount of $15,299.00, which represents 25 percent of those benefits.  *Id.*  Plaintiff states that her attorney has been awarded attorney fees previously in this matter under the Equal Access to Justice Act (EAJA) in the amount of $4,623.28, and he is aware that where fees are awarded under both EAJA and § 406(b), he must refund the smaller of the two amounts to his client.  *Id.* **at 2**.

Attorney fees for representing Social Security claimants are governed by 42 U.S.C. §§ 406(a) and (b).  According to Defendant, Plaintiff's counsel has been awarded $5,300 for his representation at the administrative level pursuant to § 406(a).  **Defendant's Response, filed July 29, 2009, at 1;** *see also* **Exhibit A,** *attached to* **Plaintiff's Brief.**  Under § 406(b), an attorney who successfully represents a claimant in federal court may receive a reasonable fee not to exceed 25 percent of any past due benefits paid to the claimant.  As stated above, 25 percent of the Plaintiff's back benefits amounts to $15,299.00, of which $5,300.00 has been paid to Plaintiff's counsel.  The Commissioner is holding the remaining $9,999.00 in anticipation of a future payment of attorney fees to Plaintiff's counsel pursuant to § 406(b).  **Defendant's Response, at 2.**

The Defendant advises he does not object to an award of attorney fees in the amount of $9,999.00, provided Plaintiff's counsel refunds the $4,683.28 previously awarded by the Court on December 11, 2008, under the EAJA.  *Id.* **at 3-4;** *see Kopulos v. Barnhart***, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004) (finding that the combination of fees awarded under §§ 406(a) and 406(b) cannot exceed 25 percent of the past due benefits awarded).**  Both parties agree that if attorney fees are awarded under both the EAJA and § 406(b), claimant's counsel must "refun[d] to the claimant the amount of the smaller fee."  *Gisbrecht v. Barnhart***, 535 U.S. 789, 796 (2002) (quoting Pub. L. 99-80, § 3, Stat. 186).**  Therefore, the Court finds that Plaintiff's counsel is entitled to an award of attorney fees in the amount of $9,999.00, which represents the balance of Plaintiff's past due benefits which are in the possession of the Commissioner, and Plaintiff's counsel shall refund the lesser amount previously awarded under the EAJA of $4,623.28.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for an award of attorney fees is **GRANTED IN PART, AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel is hereby awarded attorney fees pursuant to 42 U.S.C. § 406(b) in the sum of $9,999.00.

**IT IS FURTHER ORDERED** that Plaintiff's counsel is directed to refund the amount of $4,623.28 awarded as attorney fees under the Equal Access to Justice Act to the Plaintiff herein.

Signed: August 13, 2009

Lacy H. Thornburg
United States District Judge